## STATE OF VERMONT

**SUPERIOR COURT**                                        **ENVIRONMENTAL DIVISION**
**Docket No. 13-1-11 Vtec**

**TOWN OF UNDERHILL,**
      **Plaintiff,**

      **v.**

**ROBERT BLAIS,**
      **Defendant.**

### <u>JUDGMENT ORDER</u>

Plaintiff Town of Underhill's Motion for Contempt Order came on for hearing before the Court, Honorable Thomas S. Durkin presiding, on February 22, 2013. The Plaintiff, Town of Underhill, appeared by and through its Zoning Administrator, Kari Papelbon, and its attorney Chad V. Bonanni, Esq. of Bergeron, Paradis & Fitzpatrick, LLP. The Defendant, Robert Blais, was provided notice of the hearing and chose not to appear.

The matter for consideration was the Town of Underhill's request for injunctive relief and civil penalties for violation of this Court's *Stipulation and Order* of March 14, 2011 and an ongoing and continuing violation of Articles III and IV of the Town of Underhill Unified Land Use and Development Regulations for unpermitted structures and temporary living shelters located on the Defendant's property at 190 Beartown Road located in the Town of Underhill, State of Vermont, (Parcel ID No Parcel ID No. BE190).

After a hearing and consideration of the evidence and testimony offered by the Town of Underhill's Zoning Administrator, the Court concludes that Defendant Robert Blais is in **CONTEMPT** and violation of the Court *Stipulation and Order* of March 14, 2011 and that there is an ongoing violation of the Articles III and IV Town of Underhill Unified Land Use and Development Regulations for unpermitted structures and temporary living shelters located on the property.

Upon consideration of this matter, the Court hereby ORDERS, ADJUDGES and DECREES as follows:

A. Defendant shall immediately remove all unpermitted structures and all temporary living shelters located on said property, and shall notify Plaintiff upon completion of same.

B. Defendant shall pay to the Plaintiff the sum of $4,080.54 as a civil penalty for reimbursement of the cost and expenses incurred in this enforcement action which include attorney fees of $3,398; zoning administrator time of $779.35; costs of $203.19 as appear of record; and a credit for Defendant's payment of $300.00. The fines assessed here include all fines previously included as part of the *Stipulation and Order* of March 14, 2011

C. If Defendant fails to remove the structures and/or temporary living shelters by May 1, 2013, the Town of Underhill, its agents and assigns, shall be permitted to enter on the Defendant's property to remove all unpermitted structures and all temporary living shelters, or shall be permitted to engage an independent contractor to remove all unpermitted structures and all temporary living shelters. Any contractor designated by the Plaintiff shall have a license to enter on the Defendant's property to remove said unpermitted structures and all temporary living shelters. After removal of the unpermitted structures and temporary living shelters, Defendant shall reimburse Plaintiff for the costs incurred. Upon Defendant's failure to do reimburse all costs incurred by the Town, the Plaintiff Town shall be entitled to seek a further order from the Court, requesting the same, together with any additional costs to receive such an order.

DATED at Newfane, Vermont, this 27th day of February, 2013.

_____
Honorable Thomas S. Durkin